IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHELIAH MARLENE TRAMEL,

    Plaintiff,

v.                                                    No. 1:25-cv-00703-MIS-SCY

MICHAEL MCLEAN,

    Defendant.

## ORDER OF DISMISSAL

On July 25, 2025, *pro se* Plaintiff Sheliah Marlene Tramel filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 ("Complaint"), ECF No. 1, alleging:

> My landlord [Defendant] has been sexually harrassing [sic] me. Thus, I cannot enjoy my casita I live in. [Defendant] gave me a set of house keys, also, [Defendant] said: "If I am locked out by the wind blowing the door closed, here is a hide-a-key. It will be under the air conditioner, however, until it is, this is where it will be." (then, he repeated loudly if the wind blows . . . several times. [Defendant] put the keys on the gas or electric meter box. Those said keys were moved several times.
> . . . .
> Since June 27, 2025, I have been confused by [Defendant's] actions so I cannot sleep enough. I feel I am always being watched. There are many times Monday through Friday [Defendant] is around my casita. He does not let me enjoy my home.

Compl. at 2-3.

On July 28, 2025, United States Magistrate Judge Steven C. Yarbrough issued an Order to Show Cause, ECF No. 5, notifying Plaintiff that:

> Plaintiff filed this case using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," but the Complaint fails to state a claim pursuant to § 1983. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). There are no allegations showing that Defendant deprived Plaintiff of a federally protected right. Additionally, although the Complaint contains a conclusory allegation that Defendant was "acting under color of state law," it does not contain factual statements supporting her allegation

that Defendant, Plaintiff's landlord, was acting under color of state law. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement. Conclusory allegations are not entitled to the assumption of truth. In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim.") (citations omitted).

To that end, the Complaint does not clearly describe what Defendant did to Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated.") (emphasis in original). Thus, the Court is not able to identify what other claims, if any, Plaintiff is asserting against Defendant.

Order to Show Cause at 3-4. Judge Yarbrough ordered Plaintiff to show cause why the Court should not dismiss this case or file an amended complaint and notified Plaintiff that failure to timely show cause or file an amended complaint may result in dismissal of this case. *See id.* at 6. Plaintiff did not show cause, file an amended complaint or otherwise respond to the Order to Show Cause by the August 18, 2025, deadline.

The Court dismisses this case without prejudice because the Complaint fails to state a claim upon which relief can be granted and because Plaintiff did not timely respond to the Order to Show Cause.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE